Zhang v. Lynch

BIA
Wright, IJ
A200 922 480

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>JOHN M. WALKER, JR.,
>DENNY CHIN,
>>*Circuit Judges.*

_____

FULI ZHANG,
>*Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

13-4703
NAC

_____

FOR PETITIONER:          Todd L. Platek, Flushing, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Margaret Kuehne Taylor, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Fuli Zhang, a native and citizen of the People's Republic of China, seeks review of a November 14, 2013, decision of the BIA affirming the March 13, 2012, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Fuli Zhang,* No. A200 922 480 (B.I.A. Nov. 14, 2013), *aff'g* No. A200 922 480 (Immig. Ct. N.Y. City Mar. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected."

2

*Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise in the record: (1) identify the specific pieces of missing, relevant documentation and explain why the documentation was reasonably available; (2) provide the petitioner an opportunity to explain the omission; and (3) assess any explanation given. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). However, "the alien bears the ultimate burden of introducing such evidence without prompting from the IJ." *Id*. Here, the agency reasonably determined that Zhang failed to adequately corroborate his claim.

First, the IJ reasonably gave diminished weight to an unsworn letter prepared by Zhang's wife for his case. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Further, the IJ reasonably considered Zhang's failure to produce corroborating statements from his fellow protesters, who numbered more than fifty and who had been his neighbors from his birth in 1970 to 2005. The agency was also not compelled to credit Zhang's conflicting and

3

speculative explanations as to why he could not obtain this evidence.  *See Chuilu Liu*, 575 F.3d at 197-99.

The IJ also reasonably considered Zhang's failure to produce a letter from the neighbor who photographed him holding a banner allegedly at a protest.  As the IJ observed, Zhang's explanation that he lost contact with the photographer conflicted with his statement that the photographer loaded the photographs onto a website and then sent Zhang a link to that website.  Moreover, the IJ did not err in giving the photographs little weight because, although they showed protestors holding banners, the banners were not translated into English.  *See Xiao Ji Chen*, 471 F.3d at 342.  Similarly, although Zhang submitted photographs of a demolished area, the IJ reasonably noted that he was not sure if the photographed area included the location of his former house and he did not have any photographs of the house before its demolition.

Further, the IJ reasonably considered Zhang's failure to offer any corroborating evidence to support his assertion that he currently suffers from arthritis as a result of the beating he sustained.  Although Zhang submitted evidence that he went to the hospital in China for a soft tissue injury to his leg, the agency did not err in determining

4

that Zhang failed to offer reasonably available corroborating evidence to support his assertion that he continues to suffer medical problems in the United States. *See Chuilu Liu*, 575 F.3d at 197-99.

Accordingly, a reasonable fact-finder would not be compelled to conclude that Zhang satisfied his burden of providing reasonably available evidence to corroborate his claim of past persecution and a fear of future harm arising out of that incident. *See id.*, at 196-99. Therefore, the agency did not err in denying Zhang asylum and withholding of removal, *see id.; see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006), and we decline to address the agency's alternative grounds for denying those forms of relief. Zhang also advances no specific challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5